Follet. J.
July 81, 1886, the parties submitted this case to the justice, stipulating in open court that he might have ten days in which to render and docket his judgment. Excluding the first day and including the last day. the time expired Tuesday, August 10,1886. The justice’s return states: “ The said ten days having expired on August 10, 1886, without my rendering a judgment, for the reason that the evidence, which was, on the trial, taken down by a reporter in short-hand, had not been written out in full, I, on the 11th day of August, 1886, saw the above-named attorneys for the respective parties. These attorneys did not appear before me at the same time, but I saw them at different times on said day, but not in my office, and they and each of them agreed to give me all the time I wished for to render judgment herein; therefore, upon and after due deliberation, and on the 24th day of September, 1886, I rendered judgment in favor of plaintiff against defendant for damages, sixteen dollars, costs, twelve, dollars and fifty-two cents; total, twenty-eight dollars and fifty-two cents. In his amended return he states that the counsel for the respective parties separately gave him the stipulation before August 10,1886, ‘ at their respective offices or on the street.’ ”
"‘There are several objections to enforcing this particular oral stipulation: (1.) The time given by the stipulation was unlimited, and it should be held void for indefiniteness. (2.) The stipulation was not entered into between the counsel who tried the cause, but each separately stipulated with the justice. (3.) There is no evidence that the counsel were authorized by the parties to enter into such a stipulation; and authority to make it after the cause had been finally submitted cannot be presumed from the mere fact that they tried the cause.
“But on broader grounds this practice ought to be condemned. This mode of enlarging the time within which a justice of the peace may decide a cause is not authorized by statute, or sanctioned by a reported case. The inconveniences arising from the oral stipulations of the attorneys of record in courts of record lias led tc a rule that such stipulations are not binding. The returns in this case show that if a justice may take an oral stipulation from counsel out of court, and when both are not before him, that conflicts as to the terms of the stipulation, and when given will arise. It is stated in the return that the exten■sion was given after, and in the amended return, that it was given before the expiration of the time within which the justice might have rendered his decision. The general inconveniences which will flow from such a practice will outweigh the conveniences to parties in particular cases, and the practice ought not to prevail. “ The judgments of the county court and of the justice’s court are reversed, with costs.” _